# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOLLINGER SHIPYARDS LOCKPORT, L.L.C.,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4578** |
| **HUNTINGTON INGALLS INCORPORATED,**  Defendant | **SECTION "E"** |

## ORDER

Before the Court is Plaintiff's request for certification for interlocutory appeal under 28 U.S.C. § 1292(b)[1] of the Court's order on Defendant's motion to dismiss.[2] Defendant opposes the motion.[3] As the Court is of the opinion that the portion of its order addressing the adequacy of Plaintiff's July 2006, January 2008, and June 2009 certifications presents a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the motion is **GRANTED**.[4]

---

[1] R. Doc. No. 126.

[2] R. Doc. No. 124.

[3] R. Doc. No. 131.

[4] Plaintiff requests the Court to certify a particular question to the Fifth Circuit. R. Doc. No. 126, p. 1. The Court declines to do so, both because Plaintiff's phrasing assumes a substantial compliance rule applies when Plaintiff has not argued for such a rule in this Court—the words "substantial compliance" or words to that effect do not appear in Plaintiff's memos concerning the motion to dismiss, and because orders, not questions or issues, are certified for interlocutory review. 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, *permit an appeal to be taken from such order*, if application is made to it within ten days after the entry of the order . . . ." (emphasis added)); *see also Ducre v. Executive*

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 7th day of November, 2013.**

                                                **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**

---

*Officers of Halter Marine, Inc.*, 752 F.2d 976, 984 n. 16 (5th Cir. 1985) ("[I]t is not merely the controlling question of law which is certified for appeal; it is the entire order entered by the trial court.").