UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOLLINGER SHIPYARDS LOCKPORT, L.L.C.,**    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4578** |
| **HUNTINGTON INGALLS INCORPORATED,**    Defendant | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls's motion for transfer of venue.[1] The Court has reviewed the briefs,[2] the record, and the applicable law, and now issues this order and reasons.

## BACKGROUND

In the 1990s, the United States Coast Guard sought proposals for a "Deepwater Program" to upgrade its fleet. It eventually awarded the prime contract to Integrated Coast Guard Systems ("ICGS"), a joint venture between Lockheed Martin Corporation and Defendant Huntington Ingalls, Incorporated ("HI"). ICGS then subcontracted with HI for many components of the work. HI in turn sub-subcontracted with Bollinger Shipyards Lockport, LLC ("Bollinger") to convert a number of the Coast Guard's 110-foot vessels to 123-foot vessels. Bollinger completed work on eight vessels and had begun work on another four when HI terminated the relationship.

In October of 2008, Bollinger filed suit in the United States District Court for the

---

[1] R. Doc. 141.
[2] *Id.*; R. Doc. 156; R. Doc. 160; R. Doc. 162; R. Doc. 163.

1

Eastern District of Louisiana against HI seeking to compel arbitration of various claims arising out of the sub-subcontract, which the parties have taken to referring as the "termination claim" (for HI's allegedly wrongful termination of the sub-subcontract with Bollinger to overhaul 49 vessels), the "COMDAC claim" (for Bollinger's extra costs associated with adding a command display and control integrated navigation system that HI designed and allegedly departed from the original scope of work), and the "Open Items claim" (for unpaid invoices as detailed in R. Doc. No. 94-1, Exhibit B).  A different section of this Court granted Bollinger's motion to compel arbitration, concluding that it was "for the arbitrator to determine the scope of the arbitration clause in the first instance" and advising that if any claims were not arbitrable, "the parties may return to this Court for further proceedings."[3] In particular, the order and reasons noted that the potential applicability of the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601–613, was implicated only through contractual incorporation and not by the terms of that Act itself.[4]

  The parties conducted extensive arbitration proceedings, including fourteen days of hearings. The arbitrator issued findings in which he first decided the question of arbitrability. The arbitrator held that two of Bollinger's claims (the termination claim and the COMDAC claim) fell within the scope of the narrow arbitration provision, which allowed arbitration of claims arising from "the late delivery of information or equipment by [HI], ICGS, or Lockheed Martin."[5] But the arbitrator also held that the remainder of Bollinger's claims (the Open Items claims)[6] were not within the scope of the arbitration

---

[3] R. Doc. 62 at p. 15.
[4] *Id.* at pp. 5–6.
[5] R. Doc. 87-2 at p. 2; R. Doc. 87-3 at pp. 15–16.
[6] A list of these claims appears at R. Doc. 94-1, Exhibit B.

provision.[7]

Following arbitration, the parties returned to this Court. The parties asked the Court to confirm the arbitrator's partial award limited to the termination and COMDAC claims, which it did on January 31, 2012.[8] On February 2, 2012, HI filed a motion to dismiss Bollinger's remaining, non-arbitrable Open Items claims pursuant to Rule 12(b)(6).[9] The motion stated HI "reserve[d] the right to seek a transfer to the forum to which the parties agreed" if the Court did not rule in its favor.[10] While the motion to dismiss was still pending, the matter was reassigned to this section of the Court.[11]

On June 28, 2013, this Court converted HI's motion to dismiss into a motion for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure.[12] Rule 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[13] The Court found both parties had substantially relied on "matters outside the pleadings." After converting the motion, the Court gave both parties "a reasonable opportunity to present all the material that is pertinent to the motion."[14]

The Court ruled on HI's converted motion on September 24, 2013.[15] The Court granted HI's motion for summary judgment insofar as it concerned Bollinger's non-

---

[7] R. Doc. 87-3.
[8] R. Doc. 86.
[9] R. Doc. 87.
[10] R. Doc. 87; R. Doc. 87-1 at p. 12.
[11] R. Doc. 110.
[12] R. Doc. 112.
[13] Fed. R. Civ. P. 12(d).
[14] R. Doc. 112; Fed. R. Civ. P. 12(d).
[15] R. Doc. 124.

3

arbitrable Open Items claims for more than $100,000.[16] The Court found the arbitrator already had decided that the Open Items claims were not arbitrable because they "are clearly caused by actions or inactions of the Coast Guard over which [HI] has no control."[17] Thus, per the sub-subcontract, Bollinger was required to pursue its Open Items claims through the CDA process. The Court found Bollinger had failed to comply with the certification requirement contained in the CDA and granted HI's motion for summary judgment as to those claims.[18] Because the certification requirement did not apply to claims of $100,000 or less, the Court denied the motion for summary judgment insofar as it concerned Open Items claims for $100,000 or less.[19] The Court also denied summary judgment on claims based on a payment guarantee by HI.[20]

On October 7, 2013, Bollinger filed a motion for interlocutory certification to the Fifth Circuit under 28 U.S.C. § 1292(b).[21] On October 25, 2013, HI filed a motion for reconsideration of the Court's September 24, 2013 ruling with respect to claims of $100,000 or less and claims based on a payment guarantee by HI, or, in the alternative, for transfer of venue.[22] HI did not ask for reconsideration of the Court's grant of summary judgment in its favor with respect to the Open Claims over $100,000. Before the briefing on HI's motion was completed, however, this Court granted Bollinger's

---

[16] *Id.*
[17] R. Doc. 87-3 at p. 16. Article 18 of the sub-subcontract incorporates a requirement that Bollinger pursue such claims through the CDA process.
[18] Contrary to HI's assertion that "HI has never sought a judgment on the merits of the Open Item claims but instead has sought dismissal without prejudice," R. Doc. 162 at p. 8, HI's motion to dismiss was converted to a motion for summary judgment because <u>both</u> parties relied on matters outside the pleadings. R. Doc. 112. The Court granted summary judgment on Bollinger's claims for more than $100,000—this was not a dismissal without prejudice. R. Doc. 124.
[19] R. Doc. 124 at pp. 8–9.
[20] *Id.*
[21] R. Doc. 126.
[22] R. Doc. 129.

4

motion for interlocutory certification on November 8, 2013.[23] The Court also stayed proceedings in the case and administratively closed it pending completion of proceedings in the Fifth Circuit.[24] On February 14, 2014, the Fifth Circuit denied Bollinger's petition for permission to appeal, and the case was reopened on February 20, 2014.[25] On March 12, 2014, HI filed its renewed motion for reconsideration, or, in the alternative, for transfer of venue.[26] The Court denied Defendant HI's motion for reconsideration on November 14, 2014 but deferred ruling on HI's motion to transfer.[27]

HI contends the sub-subcontracts between HI and Bollinger contain an unambiguous forum-selection clause, and the matter should be transferred the United States District Court for the Southern District of Mississippi, the court the parties originally agreed would be the exclusive venue for suits arising from the sub-subcontracts.[28] Bollinger responds that HI waived its right to challenge venue in this district because it sought affirmative relief from this Court.[29]

## LAW AND ANALYSIS

In 2013, the Supreme Court clarified in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas* that the proper procedure for enforcing a valid forum-selection clause is a motion to transfer under § 1404(a).[30] In HI's February 2, 2012 motion to dismiss pursuant to Rule 12(b)(6), which the Court converted into a motion for summary judgment, HI requested dismissal rather than a

---

[23] R. Doc. 136.
[24] R. Doc. 137.
[25] R. Doc. 138.
[26] R. Doc. 141.
[27] R. Doc. 161.
[28] R. Doc. 141-1 at p. 11.
[29] R. Doc. 156.
[30] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013).

5

transfer under § 1404(a).[31] It was not until HI's October 25, 2013 motion for reconsideration of this Court's ruling denying in part its motion for summary judgment that HI asked in the alternative for a transfer of venue.[32] Under these circumstances, the Court finds it appropriate to analyze HI's request for a transfer as a § 1404(a) motion under *Atlantic Marine*.[33]

> The Supreme Court's opinion in *Atlantic Marine* states:
>
> The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways. First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . . Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. . . . As a consequence, a district court may consider arguments about public-interest factors only. . . . Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.[34]

Under *Atlantic Marine*, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."[35]

When determining whether extraordinary circumstances exist that warrant denial of a transfer, the district court may only consider the public-interest factors of the

---

[31] R. Doc. 87; R. Doc. 112. HI's motion contained one line in which it "reserve[d] the right to seek a transfer to the forum to which the parties agreed" if the Court did not rule in its favor. R. Doc. 87-1 at p. 12.
[32] R. Doc. 141 at p. 1–2.
[33] The parties were given an opportunity to brief *Atlantic Marine*'s impact on HI's motion to transfer. *See* R. Doc. 161; R. Doc. 162; R. Doc. 163.
[34] *Id.* at 581–82.
[35] *Id.* at 581.

traditional § 1404(a) analysis, which include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[36] Courts also consider judicial economy as an additional public-interest factor—"that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money."[37] The Supreme Court stated in *Atlantic Marine* that "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' such cases will not be common."[38]

The Court finds the public-interest factors in the § 1404(a) analysis, as modified by the Supreme Court in *Atlantic Marine*, warrant denial of a transfer in this case.

First, there is no evidence the first factor, administrative difficulties flowing from court congestion, is a consideration in this Court or in the Southern District of Mississippi. Thus, this factor is neutral.

Second, this case does not involve a controversy raising especially localized concerns, as events relating to the suit occurred in both Louisiana and Mississippi. Thus, this factor is neutral.

Third, the familiarity of the forum with the law that will govern the case tends to lean in favor of transfer because the sub-subcontracts provide they are governed by

---

[36] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (alteration in original) (internal quotation marks and citation omitted).
[37] *See Allen v. Ergon Marine & Indus. Supply, Inc.*, 08-4184, 2008 WL 4809476, at *2 (E.D. La. Oct. 31, 2008) (Barbier, J.) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).
[38] *Atl. Marine*, 134 S. Ct. at 582 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–31 (1988)).

7

Mississippi law. However, this is essentially a contract dispute, and this Court is equally capable of applying another state's contract law. This factor is neutral.

Fourth, maintenance of the suit in either forum will not create problems with conflicts of law or in the application of foreign law. This factor is neutral.

Although the first four factors are neutral, the public interest in judicial economy weighs heavily in favor of denying transfer. This matter has been pending in this district for over six years and has been before the undersigned for over two and a half years. During this time, HI has filed numerous motions on which this Court has ruled. This Court is familiar with this case and has made substantive rulings in this matter as set forth above.

Upon weighing the public-interest factors against the considerable weight of the forum-selection clause, the Court finds there are extraordinary circumstances in this case unrelated to the convenience of the parties that justify denial of the motion to transfer.[39]

## CONCLUSION

Defendant HI's motion for transfer of venue is **DENIED**.[40]

**New Orleans, Louisiana, this 5th day of January, 2015.**

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[39] Because the Court finds the public-interest factors warrant denial of a transfer, it need not address whether HI waived its right to enforce the forum-selection clause.
[40] R. Doc. 141.